UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIK BENJAMIN CHERDAK,

    Plaintiff,

v.                                        Case No.: 2:22-cv-634-SPC-NPM

VINCENT PAUL COTTONE and
LINDA MARIE COTTONE,

    Defendants.
_____/

# **ORDER**[1]

Before the Court is pro se Plaintiff Erik Cherdak's Combined Emergency Motion and Brief in Support for a Preliminary Injunction (Doc. 3). It is not exactly clear whether Cherdak wants a temporary restraining order ("TRO"), preliminary injunction, or both. The Court, however, construes this Motion as an emergency TRO given its designation, lack of service on Defendants, and Cherdak's apparent desire for entry on an injunction absent a hearing or a chance to respond. *See* Fed. R. Civ. P. 65(a); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 2110-11 (11th Cir. 2003).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

The Court writes only for the parties and assumes they are familiar with the facts. So it only includes what is necessary to explain the decision. In doing so, the Court denies the Motion.

Before addressing the merits, the Court will make one thing clear—this was not an emergency. If Cherdak mislabels another filing as an emergency, he will be sanctioned. M.D. Fla. R. 3.01(e) ("The unwarranted designation of a motion as an emergency can result in a sanction."). When an emergency motion gets filed, the Court drops everything it is doing to undertake immediate review. Right now, the things the Court dropped relate to trying to get the Courthouse—which is still closed (as Cherdak knows)—back up and running from Florida's deadliest hurricane in modern history.

Emergency motions are appropriate in circumstances like these: "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *In re Yormak*, No. 2:20-cv-385-FtM-38, 2020 WL 3574516, at *1 (M.D. Fla. July 1, 2020). For instance, many people in Southwest Florida are dead or homeless from Hurricane Ian. They (or their surviving family members) may have reasons to file emergency motions. Cherdak does not.

He filed this Motion upon a guess that evidence—which might not even exist—could be lost because a nonparty ("Lawyer") said he would follow his standard electronic information retention policies. This situation does not

come close to an emergency. And Cherdak should consider this his one and only warning.

With that out of the way, the Court turns to the merits.

The grant of "a preliminary injunction in advance of trial is an extraordinary remedy." *E.g.*, *Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011). Along with the usual requirements for injunctive relief, a district court may issue an ex parte TRO,

> only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974).

There is "a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President &*

*Comm'rs of Princess Anne,* 393 U.S. 175, 180 (1968). Even if the filing is otherwise proper, the circumstances that justify a no-notice TRO "are extremely limited." *E.g., Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006).

The Motion has lots of issues. Given time constraints, the six independent reasons below are more than enough for a ruling.

First, Cherdak certified his efforts to serve Defendants with, and notify Lawyer of, the Motion. Fed. R. Civ. P. 65(b)(1)(B). Yet there is no indication any of them actually received it. And Cherdak makes no argument why a ruling is required now before the others have a chance to appear and participate. In other words, he has not explained why notice "should not be required." *Id.* These requirements "are not mere technicalities"; they "establish minimum due process" protections. *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.,* No. 20-cv-20601-BLOOM/Louis, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020). Without any effort to show notice should not be required, the Court cannot grant an ex parte TRO. *E.g., Gardner v. Mutz,* No. 8:18-cv-2843-T-33JSS, 2018 WL 6061447, at *2 (M.D. Fla. Nov. 20, 2018).

Second, Cherdak never provided an affidavit or verified complaint in support of the Motion. The Rules require one of those sworn papers. Fed. R. Civ. P. 65(b)(1)(A). True, between two filings, Cherdak already submitted almost 100 dense pages in less than a week. What's more, he swore that some

4

exhibits are authentic and what they purport to be. But none of that swears to the veracity of the alleged facts under penalty of perjury. Courts can sometimes forgive technical failures to comply with Rule 65(b)(1)(A). 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2952 (3d ed. April 2022 update). Yet there must be some indication the proponent of such extraordinary relief swears to the accuracy of the facts set out in support. *Crosby v. Florida*, No. 3:22-cv-67-MMH-LLL, 2022 WL 356105, at *1 & n.1 (M.D. Fla. Feb. 7, 2022); see *also* 28 U.S.C. § 1746 (permitting simple sentence to fix issue with unsworn statement). Since Cherdak failed to do so, the Court must deny the TRO.

Third, Cherdak did not clearly show immediate and irreparable injury will result in the absence of a TRO. As mentioned, this filing is based on Cherdak's assumption Lawyer might not retain documents relevant to his claim. There is no reason to think those documents actually exist. Cherdak just guesses that they do. His whole argument is based on an email response from Lawyer.[2]

The email said Cherdak's initial communication was not a demand to retain records (again, the Court has no idea what was in that initial email). So Lawyer will not specially preserve any documents for Cherdak. Instead,

---

[2] Cherdak doesn't provide the initial document retention email to Lawyer.

5

Lawyer advised he would "continue to follow [his] firm's standard electronic communication and retention policies, which allows for destruction of non-litigation communications after thirty (30) days." (Doc. 3-1 at 1). And he offered to speak with Cherdak about setting up some type of records retention that could assist with this case.

Nothing about this email—or anything else identified by Cherdak—supports his fear about documents at risk of being destroyed. Cherdak says it's "very likely" Lawyer communicated with Defendants when they prepared the affidavits. (Doc. 3 at 2, 4-5). Yet he never bothers to explain why. At one point, Cherdak contends the email admits Lawyer has relevant documents. But that just isn't true. Worse yet, Cherdak does not provide any facts to buttress his suspicion of these other documents supposedly on the verge of destruction. So he comes here asking for extraordinary relief with only his unsworn hunch.

Fourth, even if documents existed at some point, it is unclear they still do. Like Cherdak recognizes, the relevant affidavits were signed on September 8. That was over thirty days ago. And the documents Cherdak wants all predate the affidavits. Put simply, it seems any issue with Lawyer not retaining documents already happened. So there is no clear risk of immediate and irreparable harm because any injury occurred. This indicates a TRO is unnecessary because it would not be preserving the status quo. *United States*

6

*v. DBB, Inc.*, 180 F.3d 1277, 1282 & n.5 (11th Cir. 1999) (A TRO exists "to preserve the status quo until a court can enter a decision on a preliminary injunction application.").

Fifth, Cherdak neither identifies nor offers any bond as security. Courts cannot enter a TRO without considering necessary security. Fed. R. Civ. P. 65(c); *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). Because Cherdak made no effort to satisfy his burden in this regard, the Court denies the Motion. *Taafe v. Robinhood Markets, Inc.*, No. 8:20-cv-513-T-36SPF, 2020 WL 1531127, at *7 (M.D. Fla. Mar. 31, 2020) ("Rule 65(c) clearly places this burden on Plaintiff.") M.D. Fla. R. 6.01(a)(3) (A TRO "must include . . . a precise and verified explanation of the amount and form of the required security.").

And sixth, Cherdak never explains why any harm would be irreparable. As he concedes, federal courts have tools to deal with spoliation and destruction of evidence. Without more, Cherdak says he "believes it proper to head off future problems by reasonable actions to be taken now to preserve evidence and ESI." (Doc. 3 at 6). This misunderstands the significance of the needed showing. Entering a no-notice TRO is not a matter of what would be the most efficient way to "head off" possible discovery disputes. Movant must show the resulting harm will be irreparable. But as Cherdak seems to agree, there are remedies for spoliation during a lawsuit. Should those be necessary, Cherdak

may seek that relief later.  But at this point, he fails to show the extraordinary relief of a TRO is necessary.  To hold otherwise would invite a TRO and preliminary injunction not to destroy evidence at the outset of just about every contentious case.  Of course, that isn't the law.

For those six separate reasons (at least), the Court denies the Motion.

Accordingly, it is now

**ORDERED:**

Plaintiff's Combined Emergency Motion and Brief in Support for a Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 to Stop Evidence Destruction and Spoliation (Doc. 3)—construed as an emergency TRO—is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record