UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIK BENJAMIN CHERDAK,

    Plaintiff,

v.                          Case No.:  2:22-cv-634-SPC-NPM

VINCENT PAUL COTTONE and
LINDA MARIE COTTONE,

    Defendants.
                                   /

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Erik Cherdak's Motion Seeking Relief Under Federal Rules of Civil Procedure 11, 59(e), 60(b)(1), 60(b)(2), and 60(d)(3) ("Motion for Relief") (Doc. 46), along with Defendants' Response (Doc. 53). Also pending are Cherdak's Request for a Hearing on his Motion for Relief (Doc. 47) and Motion for Leave to File a Reply Brief (Doc. 55). For the below reasons, the Court denies all Cherdak's motions.

## BACKGROUND

Last year, Cherdak filed a Complaint that alleged defamation per se, defamation by implication, intentional infliction of emotional distress, and

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

conspiracy to harm under Florida law. (Doc. 1 at 17-38). These causes of action arose from Defendants' affidavits in connection with an ongoing family court action in South Carolina.

In the affidavits, Defendants say that Cherdak "has abused my daughter and grandsons. All of this now is, in my belief, merely an attempt to continue to hurt my daughter and grandchildren." (Doc. 1-2). Cherdak alleges that Defendants "published" the affidavits to "notary publics in Florida (Mr. Danillo [sic] Morales); Mr. Jonathan E.B. Lewis of Beaufort, South Carolina; Mrs. Lauren Ann Cottone; and Mr. Christian St. Amour (an independent contractor to Plaintiff in the legal services field)." (Doc. 1 at n.2). Based on the Complaint and attached exhibits, Morales notarized both affidavits; Lewis represents Cherdak's wife in the South Carolina litigation; Lauren Cottone is Cherdak's wife, Defendants' daughter, and a party to the South Carolina litigation; and St. Amour is an independent contractor working for Cherdak.

Defendants filed a Renewed Motion to Dismiss (Doc. 13), which Cherdak opposed (Doc. 16). The Court granted Defendants' Renewed Motion to Dismiss, dismissing all claims. (Doc. 35).

In response to the Court's dismissal of his case, Cherdak first filed a Motion to Set Aside Judgment (Doc. 37), a Motion for Hearing on the Motion to Set Aside Judgment (Doc. 38), a Memorandum in Support of the Motion to Set Aside Judgment (Doc. 39), a second Motion to Set Aside Judgment (Doc.

2

40), a Motion for Hearing on that second Motion to Set Aside Judgment (Doc. 41), and a Memorandum in Support of that second Motion to Set Aside Judgment (Doc. 42). Cherdak also requested expedited processing of the motions. (Doc. 43). The Court denied the motions and told Cherdak that "[i]f [he] would like to file a Motion for Relief from Judgment, he should compile all relevant arguments in one motion not to exceed 25 pages." (Doc. 44).

Cherdak has now filed a (new) Motion for Relief asking the Court to reconsider its Order dismissing this case. (Doc. 46). As grounds, he cites newly discovered evidence, "manifest error and mistake by the Court," and fraud by Defendants. (Doc. 46 at 2, 12, 19-22). Cherdak also seeks Rule 11 sanctions against Defendants for "knowingly and intentionally misleading the Court into a false understanding of the true rule of law undergirding Florida'[s] litigation privilege." (Doc. 46 at 22-23).

## LEGAL STANDARD

Fed. R. Civ. P. 59(e) provides for the Court to "alter or amend judgment" in a case. There are two grounds on which a Court can properly do so: (1) newly discovered evidence or (2) manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 59 motions on the

grounds of "newly discovered evidence" are judged under the same standard as Rule 60(b)(2) motions. 11 Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.* § 2859 (3d ed. 2023).

Similarly, Rule 60(b) provides for relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence." Fed. R. Civ. P. 60(b)(1)-(2). "A mistake under Fed. R. Civ. P. 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022). Evidence is only "newly discovered" for purposes of reconsideration if the evidence "with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A motion based on "newly discovered evidence" can only succeed when the movant demonstrates that: (1) the evidence is newly discovered since the district court's decision, (2) he exercised due diligence to discover the evidence, (3) the evidence is not cumulative or impeaching, (4) the evidence is material, and (5) the evidence would produce a new result. *Abimbola v. Broward Cnty.*, 266 F. App'x 908, 911 (11th Cir. 2008) (citing *Willard v. Fairfield S. Co., Inc.,* 472 F.3d 817, 824 (11th Cir. 2006)).

Rule 60(d) clarifies the scope of the Court's power under Rule 60. Rule 60(d)(3) specifically states that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or

4

the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Gupta v. United States AG*, 556 F. App'x 838, 840 (11th Cir. 2014) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). The moving party bears the burden of proving that "the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud." *Id.* at 841 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246-47 (1944)).

Neither a Rule 59(e) motion nor a Rule 60(b) motion can be used as a vehicle through which to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). When considering a motion for reconsideration, the court must "proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (quoting *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)). After all, "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212-FtM-99DNF, 2006 WL 2620302, at *1

5

(M.D. Fla. Sept. 13, 2006) (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.,* 814 F. Supp. 1072, 1072-73 (M.D. Fla. Feb. 18, 1993) (quoting *Kuenz v. Goodyear Tire & Rubber Co.,* 617 F. Supp. 11, 14 (N.D. Ohio 1985)). So the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Rule 11 dictates that a party who submits a paper to the Court "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A motion for Rule 11 sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

# DISCUSSION

Though Cherdak has filed a 25-page motion requesting relief on many grounds—from Rules 59(e), 60(b)(1), 60(b)(2), and 60(d)(3) to Rule 11—his arguments boil down to two points: (1) Cherdak thinks both the Court and Defendants misunderstand Florida's litigation privilege, and (2) Cherdak thinks that an email chain which appears to be between Defendants and Lauren Cottone constitutes newly discovered evidence.

## A. The Meaning of Litigation Privilege

Cherdak adamantly asserts that the Court has misunderstood Florida's litigation privilege. He is fixated on the fact that the Court did not quote to "page 607 of the *Levin* decision,"[2] which he believes encapsulates Florida's litigation privilege. (Doc. 46 at 13). But there is a fundamental flaw with Cherdak's reconsideration argument—he has made this argument already. He cannot use a motion to reconsider to relitigate prior losing arguments." *Wilchombe*, 555 F.3d at 957. Doing so would allow him "two bites of the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985).

Cherdak informed the Court of his understanding of Florida's litigation privilege (including his adamant adherence to *Levin*)—as well as Defendants'

---

[2] *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So. 2d 606, 608 (Fla. 1994).

7

"misunderstanding" of Florida's litigation privilege—no less than five times throughout his Response to Defendant's Motion to Dismiss.[3] ([Doc. 16](#)). The Court understood Cherdak's position on litigation privilege's applicability to his claims before dismissing his case.

Cherdak's disagreement with how the Court applied the litigation privilege does not constitute an "error of law." Similarly, the Court's failure to quote Cherdak's favorite passage from *Levin* is not an error of law. Instead, Cherdak is merely "utiliz[ing] a motion to reconsider to ask a district court to rethink a decision once made, merely because [he] dislikes that decision." *[Hughes v. Stryker Sales Corp.](#)*, No. 08-0655-WS-N, 2010 WL 2608957, n.1 (S.D.

---

[3] Cherdak's prior arguments read:
- "Disturbingly, Defendants rely on the *Jackson* case in asserting their baseless affirmative defense under Florida's litigation privilege . . . **Defendants are seeking to misinform the Court** . . . The *Jackson* court even cited the correct language from the *Levin* case at its page 608 . . . There's absolutely no excuse for Defendants and Defense Counsel to attempt to mislead this Court through half-baked renditions of inapposite law and precedent." ([Doc. 16 at n.1](#)) (emphasis in original).
- "Defendants' articulation of Florida's litigation privilege is based on a false and misleading rendering of the privilege . . . Defendants failed to properly cite and quote the *Levin* case—for had they done so, the 'true rule' articulated 100+ [sic] earlier in the *Myers* case, *supra*, would have been articulated." ([Doc. 16 at 11-12](#)).
- "Literally, Defendants have attempted to mislead the Court into a false understanding of Florida's litigation privilege by deliberately not reading further down the page as to Page 608 of the Levin decision." ([Doc. 16 at 12](#)).
- "Defendants' disingenuous assertion of obiter dictum from Levin should not be countenanced by this Court." ([Doc. 16 at 13](#)).
- "Defendants disingenuously assert . . . the [litigation] privilege . . . the *Levin* court actually recognized the *Myers'* "*true rule*." ([Doc. 16 at n.4](#)) (emphasis in original).
- "With the correct articulation of Florida's litigation privilege presented in this **Response Brief** (and certainly not in the Motion [to Dismiss]) . . . ." ([Doc. 16 at 16](#)) (emphasis in original).

Ala. June 28, 2010). This is improper. If Cherdak disagrees with the Court's dismissal of his case, he may appeal.

**B. Fraud on the Court and Rule 11 Sanctions**

In a related argument, Cherdak seeks relief because Defendants have allegedly committed fraud on the Court by "knowingly and intentionally misleading the Court into a false understanding of the true rule of law undergirding Florida'[s] litigation privilege." (Doc. 46 at 22-23). Cherdak focuses his argument on the omission of an ellipsis in a quote in Defendants' Motion to Dismiss. Specifically, he argues that without that ellipsis, Defendants articulated a misleading and untrue statement of law concerning Florida's litigation privilege, and that this articulation misled the Court as to the privilege's "relevancy requirement." (Doc. 46 at 23-24). On this ground, he seeks both relief from the Court's Order dismissing his case as well as Rule 11 sanctions against opposing counsel.

"Fraud on the court" must be established by clear and convincing evidence. *Gupta*, 556 F. App'x at 840 (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Id.* (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). To set aside a judgment under Rule 60(d)(3), a party must "show

9

an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* A "mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court." *Id.* Even if fraud is established by clear and convincing evidence, the moving party faces the added burden of proving that "the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud." *Id.* at 841 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246-47 (1944)).

Cherdak falls far short of establishing fraud on the Court. A difference of opinion between Cherdak and Defendants about Florida's litigation privilege does not constitute "fraud," nor does the absence of an ellipsis in a quote. Neither can be described as "egregious misconduct" akin to "bribery of a judge or members of a jury" or "fabrication of evidence." *Gupta*, 556 F. App'x at 840 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

And even setting that aside and assuming fraud, Cherdak still presents no evidence that the Court's decision to dismiss his case stemmed from that fraud. Quite the opposite. *Levin*'s "relevancy requirement" did not escape the Court's attention. The Court quoted *Levin* in its Order: "The litigation privilege provides 'absolute immunity . . . [for] any act occurring during the course of a judicial proceeding, regardless of whether the act involved a defamatory statement . . . so long as the act has *some relation to the [judicial] proceeding*.'" (Doc. 35 at 9) (quoting *Levin, Middlebrooks, Mabie, Thomas,*

10

*Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) (emphasis added)). Cherdak argues that this particular quote does not adequately reflect the litigation privilege's requirement and that the Court should have quoted a *different* passage from *Levin*. (Doc. 46 at 13) ("Despite citing the *Levin* decision **four times** in this Court's Order . . . this Court failed to mention even once the language on page 607 of the *Levin* decision"). But this is irrelevant to Cherdak's argument for "fraud on the court." The fact that Defendants omitted the "relevancy requirement" in their quoted text but the Court nonetheless included the "relevancy requirement" in its Order is a clear indication that the Court was not—in fact—"misled" by Defendants' quotation.

That leaves Cherdak's assertion that he is entitled to Rule 11 sanctions because: (1) Defendants omitted the aforementioned ellipsis and (2) "Defendants had no good faith basis to assert, *inter alia*, the affirmative defense of litigation privilege." (Doc. 46 at 23-25). "The standard for testing conduct under . . . Rule 11 is reasonableness under the circumstances." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988)). The omission of an ellipsis is not sanctionable behavior. And this Court issued an Order which applied Florida's litigation privilege to Cherdak's claims. (Doc. 35). Clearly, Defendants had a reasonable factual basis to raise litigation privilege.

11

And finally, Cherdak did not properly seek sanctions under Rule 11.[4] The clear text of the Rule states that a motion for Rule 11 sanctions "*must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). Cherdak's Rule 11 argument was added haphazardly to his Motion for Relief (Doc. 46) in the midst of his argument for relief under Fed. R. Civ. P. 60(d)(3), not by separate motion as required. But to the extent that Cherdak is moving (though improperly) for Rule 11 sanctions, his request has been considered and is denied.

## C. Newly Discovered Evidence

Cherdak's last argument is that he is entitled to relief based on "newly discovered evidence"—an email exchange between vpcott@comcast.net, lmcott@comcast.net, and laurcottone@gmail.com (who appear from context to be Defendant Vincent Cottone, Defendant Linda Cottone, and their daughter Lauren Cottone). (Doc. 46 at 2-12, 19-20). This email exchange, titled "Affidavit for Jonathan,"[5] concerns an attached document titled "Cottone : Aff. Of Vincent Cottone." (Doc. 46-1 at 2-3). The email exchange references "errors in the statements" and provides a series of date corrections (e.g., "Line 8:

---

[4] While Cherdak is a pro se litigant, he is also a former attorney. The Court believes him to be capable of reading and understanding the Federal Rules of Civil Procedure.

[5] This "Jonathan" is likely Mr. Jonathan E.B. Lewis, counsel for Cherdak's wife in the South Carolina family court litigation.

12

stayed in MA & NH through July 31, 2022 returning that day"). (Doc. 46-1 at 2).

A motion for relief because of "newly discovered evidence" can only succeed when the party shows that: (1) the evidence is newly discovered since the district court's decision, (2) he exercised due diligence to discover the evidence, (3) the evidence is not cumulative or impeaching, (4) the evidence is material, and (5) the evidence would produce a new result. *Abimbola,* 266 F. App'x at 911 (citing *Willard v. Fairfield S. Co., Inc.,* 472 F.3d 817, 824 (11th Cir. 2006)). "A Rule 60(b)(2) motion is an extraordinary motion and the requirements of the rule must be strictly met." *Motes v. Couch,* 766 Fed. App'x 867, 869 (11th Cir. 2019) (citing *Waddell v. Hemerson,* 329 F.3d 1300, 1309 (11th Cir. 2003)).

Cherdak's argument does not make it past the first prong of the analysis. He states that this "evidence" is newly discovered but does not state when he discovered it. Cherdak says that the emails "have not been produced to [him]," but he also states that Defendants sent him the email chain in PDF format on or before February 13, 2023. (Doc. 46 at n.1).[6] The Court issued its Order

---

[6] Cherdak asserts that Exhibit B depicts Defendants providing him with the email chain in PDF format on February 13, 2023, but Exhibit B contains emails exchanged on February 23, 2023, which concern Cherdak's filing of his "Br. in Support of a Motion." It does not appear from Exhibit B that Defendants emailed any attachments to Cherdak as part of this particular exchange. As best the Court can tell from Exhibit C, Cherdak received the email chain at issue some time before February 15, 2023. (Doc. 46-3 at 7-8).

13

dismissing Cherdak's case on February 16, 2023. (Doc. 35). Accordingly, this evidence was not "newly discovered since the district court's decision."

But this is not the only prong under which Cherdak's newly discovered evidence argument fails. He provides nothing to support that he exercised any diligence to discover the evidence. Cherdak attaches emails between himself and opposing counsel that discuss this "evidence," but the earliest of these exchanges with counsel is from February 2023. (Doc. 46-2, 46-3). This case was filed in October 2022.

The last three prongs of this analysis are best addressed together. Cherdak argues that the so-called new email exchange is critical because it shows the publication of the affidavit, it "absolutely supports a knowing falsity requirement," and it shows "Defendants acting openly and in concert with third parties to carry out the intentions of the conspiracy's mastermind, Defendant Linda Cottone, to intentionally defame and harm" him. (Doc. 46 at 4-5).

But this evidence is cumulative of the allegations he raised in his Complaint, it is not material to this Motion, and it would not produce a new result. *See* Black's Law Dictionary (11th ed. 2019) (defining cumulative evidence as evidence "tend[ing] to prove the same thing"). Cherdak already alleged in the Complaint that Defendants published the affidavits, so this "publication" is not new information. (Doc. 1 at n.2). Cherdak has also previously asserted that the content of the affidavits is false—hence his

14

defamation claim. (Doc. 1 at 17-30). And he informed the Court in his Complaint that he views these affidavits as part of a conspiracy to defame him. (Doc. 1 at 38-43). In other words, the Court did not learn any new, material information from Cherdak's supposed new evidence. It follows that in the absence of new, material information, the Court has no reason to suddenly find the litigation privilege inapplicable to this case.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Erik Cherdak's Motion for Relief (Doc. 46) is **DENIED**.

2. Plaintiff Erik Cherdak's Motion for Hearing on Motion for Relief (Doc. 47) is **DENIED**.

3. Plaintiff Erik Cherdak's Motion for Leave to File a Reply Brief (Doc. 55) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 13, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record